MANCHESTER (PROVIDENCE v.). See Case No. 11,450.

MANCHESTER PRINT WORKS (AIKEN v.). See Case No. 113.

MANCIETTE (NORMAN v.). See Case No. 10,300.

MANDELBAUM (KING v.). See Case No. 7,799.

---

## Case No. 9,008.

### MANDELL v. PIERCE.

[3 Cliff. 134; 1 Am. Law T. Rep. U. S. Cts. 123; 7 Int. Rev. Rec. 193; 2 Am. Law Rev. 774.][1]

Circuit Court, D. Massachusetts. May Term, 1868.

TAXATION — INCOME TAX — EXECUTOR — DEBT AGAINST ESTATE—RETURN.

1. On May 1, 1866, a tax was assessed upon the income of the plaintiff's testatrix, from the 1st of January, 1865, to July 2, 1865, the day of the testatrix's decease. The amount of the tax was paid under protest, by the plaintiff, as executor, to prevent the distraint of property, and brought suit to recover the amount. *Held*, that the tax was legally assessed against, and collectible from, the plaintiff as executor.

[Cited in U. S. v. Schlesinger, 14 Fed. 684.]

2. The liability in this case accrued in the lifetime of the recipient of the income, at whose death it passes over to the executor or administrator, as a debt against the estate.

3. When the recipient dies within the year, the return must be made by the executor or administrator.

4. The tax is imposed upon the income of the property of the decedent, and the liability is not discharged because the decease occurs before the time appointed by law for making the return upon which the tax is predicated.

Assumpsit to recover the amount of an internal-revenue tax, paid under protest. Facts agreed. Sylvia Ann Howland, of New Bedford, single woman, died July 2, 1865, and the plaintiff [Thomas Mandell], also of New Bedford, was during said year duly appointed executor of her last will, and was at the time of the suit such executor. The plain-

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission. 2 Am. Law Rev. 774, contains only a partial report.]

tiff, as such executor, was required by the assistant assessor of internal revenue for the First collection district of Massachusetts, in which New Bedford is situate, to make return of the income received by said Sylvia Ann Howland, during that portion of the year 1865, in which said Slyvia Ann was in life. and did make such return under written protest indorsed thereon, not conceding any liability to taxation thereon, and protesting against the same. On May 1, 1866, the assistant assessor assessed a tax on the income of said Sylvia Ann Howland from and including the 1st of January, 1865, up to July 2, 1865, the day of her decease, of $4,512.36, and the plaintiff appealed to the assessor, who sustained and affirmed the taxation, and the plaintiff subsequently appealed to the commissioner of internal revenue, who affirmed the taxation and dismissed the appeal. The tax was transmitted and certified to the collector of internal revenue for said district for collection, and the defendant [Ebenezer W. Pierce], having been appointed collector of internal revenue for said district, passed into his hands, as such collector, for collection; and the defendant, under color of his office, as such collector, through his deputy, demanded of the plaintiff, as such executor, the payment of said tax; the plaintiff declined to pay the same, whereupon the defendant, as collector as aforesaid, through his deputy, threatened to collect said tax by distraint of property, and was proceeding so to collect it by force, when the plaintiff, in order to avoid a distraint of property, on the 6th of September, 1866, paid the defendant said tax of $4,512.36, under written protest.

T. D. Elliot and T. M. Stetson, for plaintiff.

The income-tax law does not authorize the tax in this case. Sylvia Howland died in no default as to taxation, and before any return could be required of her or income tax could be assessed upon her. No debt or liability of hers passed to the plaintiff, and the estate was then in his hands subject only to the laws taxing estates. Ex parte Cooke, 15 Pick. 237. And there is no statute providing such tax as the defendant has collected. The case constantly arises under the state law of Massachusetts, and it was never supposed that an income duty could be assessed unless the party was in life at the date, May 1. No apportionments of income tax are authorized by the statute. The year is the taxable unit.

An income is the result of the transactions of a period. A man may gain one day and lose the next. Some period must be determined by law which shall give the just mean and exhibit of real loss or real gain. Otherwise the government, by a system of comminution, might derive taxes from profitable months or weeks, and not repaying for the unprofitable ones, might gain large income taxes where the citizen had in fact no income. The unit is by the statute the calendar year.

Act 1864, June 30, § 116, relates to "annual gains, profit, or income," and "income for the year ending December 31, 1865." And it allows deduction "for state, county, or municipal taxes paid within the year." And this last allowance cannot be effected unless the calendar year is for purposes of income tax regarded as one and indivisible. Indeed, in Massachusetts, the assessment of state, county, and municipal taxes is not completed, so that demand or payment can be had, till much later in the year than the date of S. A. Howland's decease. Section 117 instructs how to estimate such "annual income," income "for each year," by instructions entirely inapplicable to lesser periods of time. Section 116 shows who are liable to income tax, and that is only "persons," and of such only "those residing in the United States, or citizens of the United States residing abroad." Which description does not include the dead or the estates formerly theirs. The deduction of $600 is provided to come out of a year's income, and no arrangement exists for apportioning it among the parts of a year, either by time or by actual receipts.

Throughout the statute no "estate" is spoken of in connection with income tax. Section 116 speaks of real-estate purchases and sales, and expressly provides a "year" as the period of realization for the purposes of income tax. Section 117. Deductions also of repairs to an extent not greater than the average of five years is permitted. It is manifest that such a deduction cannot come out of any single day's, but from the balance of a year's fortune. Section 118 is very significant. The income tax is based on a return required, not of deceased people, but "of all persons of lawful age," and who else? Here would be the place to provide for the case of an estate. Such return precedes the assessment and liability which falls on May 1, and therefore if a person is dead before such return, there could be no return, and a fortiori no liability. Besides persons of lawful age, "guardians and trustees are required to make return of the income of the minor or cestui que trust," and no provision whatever requires an executor, as such, to make return of the income received by his principal during any period of his life. The "guardians or trustees" must make return of the income of those for whom they act as guardian or trustee. And if it were possible in a loose sense to style an executor a "trustee," it would still be impossible to style him a trustee for the deceased testatrix. The omission to require a return from executors or administrators is the more marked in section 118, because the section does mention the words "executors and administrators," and does require a return from them, so far as they are guardians or trustees, of the amount of the income of the cestuis que trust, i. e. the heir or legatee. This refers to the frequent case where an executor has, in addition to his proper duties as executor, certain trust duties

imposed by a will. Miller v. Congdon, 14 Gray, 114.

A collector of internal revenue is liable to suit if he collects an illegal tax by force; i. e. he cannot justify his tort under the laws. So if he still proceeds after being told in writing of the error and illegality, and the refusal to pay and purpose to recover back. For in such last case he is fully warned, goes on at his choice and peril, and can require indemnity of his principal before paying over. Elliott v. Swartwout, 10 Pet. [35 U. S.] 153.

The above principles are those of common law. Elliott v. Swartwout, 10 Pet. [35 U. S.] 153; Bend v. Hoyt, 13 Pet. [38 U. S.] 263; Curtis's Adm'x v. Fiedler, 2 Black [67 U. S.] 461.

G. S. Hilliard, U. S. Atty., and W. A. Field, Asst. U. S. Atty., for defendant.

The recent statutes of the United States and the sections of the same relating to taxes on income are the following: Sections 49–51, c. 45, 1861 (12 Stat. 309); sections 89–93, c. 119, 1862 (12 Stat. 473); section 1, containing amendment to section 93, ubi supra, and section 11 of chapter 74, 1863 (12 Stat. 718, 723); sections 116–119, c. 173, 1864 (13 Stat. 281); section 1, c. 78, 1865 (13 Stat. 479, 480); section 9, c. 184, 1866 (14 Stat. 138); section 13, c. 169, 1867 (14 Stat. 477–479). The statutes in force at the time of the decease of said Sylvia Ann Howland and of the assessment of the tax in question, are chapter 173, 1864, §§ 116–119; chapter 78, 1865, § 9, containing amendments to sections 116–119, ubi supra. In the statutes of the commonwealth of Massachusetts express provision is made for the assessment of taxes upon the real and personal estate of persons who decease before the 1st of May. Gen. St. Mass. pp 75, 76, c. 11, §§ 10–12, pars. 5, 7.

The construction contended for by the plaintiff must be either that the person upon whose income the tax is levied must be alive on the 1st of May of the succeeding year and on the day on which the tax is actually levied, or that the tax upon incomes can never be levied for a fraction of a year. The provisions of sections 124–150, c. 173, 1864, relating to taxes upon legacies and distributive shares of personal property, and on succession to real estate on the decease of any person, have no special application to this case. The estates of all persons who die are liable to these last-mentioned taxes, without regard to the day of their decease. The question is also to be distinguished from a tax levied upon an executor for income received by him as executor.

There is no legal reason why congress could not, and no legislative reason why congress should not, impose a tax upon the actual income received by any person who dies before the levy; the only point in dispute is, has congress so enacted? It is not pretended that the tax becomes a debt for the satisfaction of

which a suit can be brought or a distraint made until the tax has been actually assessed or levied. but it is contended that on May 1, 1866, the estate of said Sylvia Ann Howland, or the defendant, as the executor of her last will, was liable to the assessment of this tax, and after this assessment the tax was legally collectible out of the estate. Section 116, as amended is, substantially, that the tax shall be levied annually upon the annual income of every person residing in the United States or of any citizens of the United States residing abroad. In terms it purports to be a tax to be levied, not upon a person, but upon the income, to be assessed annually and for the whole calendar year. When a person dies his property is not derelict. On the probate of the will and appointment of the executor, or on the appointment of an administrator, the legal title to the personal property vests by relation, from the time of decease, in the executor or administrator, and these personal representatives continue to receive the income until the estate is administered upon.

If the income received by said Sylvia Ann Howland up to July 2 should have been added to the income received by the defendant, as her executor, up to January 1, 1866, and one tax assessed for the whole year, that only proves that too small a tax has been assessed, and does not render the tax invalid. The facts find that the amount of the tax is correct, if the tax can be assessed at all. The proper deductions have been made. The $600 is not strictly a deduction; the tax is upon the excess of income over $600, and the whole $600 is to be taken out when the tax is for fractions of a year. The deduction of $117 can as well be taken out for fractions of a year as for a whole year, the language being in general. either that certain things shall not be included, or certain amounts actually paid by the person whose income is taxed shall be deducted. Section 118 makes it the duty of all persons of lawful age to render a list, etc., but the tax can be levied even if no list is rendered; besides, the legal representatives must be compellable to perform the duties the law imposes upon the deceased person they represent. if the tax be leviable at all. Ir section 118 the word "trustee" is meant to include all persons who receive income in any fiduciary capacity, and expressly mentions executors and administrators. All incomes received by any person, the beneficial interest in which belongs to any other person, must be taxed under the section 118. This section means that estates shall pay an income tax.

This income tax is really a tax upon things, to wit, upon income to be paid by persons, but it is independent of the life of any particular person.

CLIFFORD, Circuit Justice. Annual gains, profits. and income of persons residing in the United States or of citizens of the United States residing abroad, whether derived from property, rents, interests, dividends, or salaries, or from any profession, trade, employment, or vocation, carried on in the United States or elsewhere, or from any other source whatever, were subject annually, by the act of the 30th of June, 1864, to a duty of five per centum, on the excess over $600, and not exceeding $5,000; and by the amendatory act of the 3d of March, 1865, it was provided that such annual gains, profits, and income are subject annually to a duty of ten per centum, on the excess over $5,000. 13 Stat. 281–479.

Rules are therein enacted prescribing the mode to be adopted in ascertaining the income of any person liable to an income tax. Such of those rules · as are material to the present investigation may be stated as follows: 1. That the duty should be assessed, collected, and paid upon the gains, profits, and income for the year ending the 31st of December next preceding the time for levying, collecting, and paying the same. 2. Duties on incomes as therein imposed are required to be levied on the 1st of May in each year, and they were therein declared to be due and payable on or before the 30th of June in the same year. 13 Stat. 283. 3. Incomes received from institutions whose officers are required by law to withhold a per centum of their dividends, and pay the same to the commissioner or other officer authorized to receive the same, and income derived from notes, bonds, and other securities of the United States, and also all premiums on gold and coupons, were required to be included in the estimate; but the provision was, that the amount so withheld by such institutions should be deducted from the tax which would otherwise be assessed. 13 Stat. 479. 4. One deduction only of the $600 could be made from the aggregate income of all members of any family composed of parents and minor children or husband and wife. 5. Net profits realized by sales of real estate · purchased within that period were required to be deducted from the income of that year, [and were chargeable as income, but losses on sales of real estate purchased within that period were required to be deducted from the income of such year.] [2] 6. Taxes paid within the year. whether state, national, county, or municipal, were required from the gains. profits, or income of the person paying the same, whether owner, tenant, or mortgagor.

Other deductions were also required to be made as specified in the substitute for the 117th section. as enacted the succeeding year. 13 Stat. 479.

Plaintiff's testatrix died on the 2d of July, 1865. and the agreed statement shows that the plaintiff was duly appointed the executor of her last will and testament.

The residence of the decedent. during the year preceding her death. was at New Bed-

---

[2] [From 7 Int. Rev. Rec. 193.]

ford, which is included in the First district in this state for the collection of internal revenue. Pursuant to the requirement of the assistant assessor for that district, the plaintiff made return of the income made by his testatrix during that portion of the year which had elapsed at the time of her decease; but he denied the power of the officer to require any such return, and made it under protest. Despite the objections and protest of the plaintiff, the assistant assessor, on the 1st of May, 1866, assessed a tax on the gains, profits, or income of the decedent, as returned for that portion of the year preceding her death, of $4,512.36. Appeals were regularly taken by the plaintiff, first to the assessor of the district, and subsequently to the commissioner, and those officers respectively affirmed the taxation. Payment was subsequently demanded by the collector, and the plaintiff, on the 6th of September, 1866, paid the amount, under a written protest, to avoid a distraint of his property.

Technical forms are waived by the parties on both sides, as appears by the agreed statement. They agree that if the income received by the decedent for that portion of the year prior to her death was liable to taxation as income, under the internal-revenue laws, then the tax was legally assessed, and that the amount is correct, and that the defendant acted in accordance with law. On the other hand, it is also agreed that the appeals and protests were sufficient in matter and form, and that the suit was seasonably brought, after due demand.

Viewed in the light of those admissions, doubt could not be entertained as to the liability of the income of the decedent to taxation, under the internal-revenue laws, if she had lived through the entire income year, and had been in life when the tax was assessed. Assessment, in that event, undoubtedly would have been made for the gains, profits, and income for the entire year; but it is equally certain that the amount received prior to the 2d of July would have been equally liable to taxation, at the time appointed by law for the assessment, even if it appeared that she had ceased on that day to be the owner of any property, and had never afterwards, during the remainder of that income year, received any gains, profits, or income. Beyond question, her liability to taxation would have been the same in that event, except as to amount, as if she had continued to be the owner of property, and the recipient of gains, profits, and income, during the remainder of the income year. Equal distribution of the gains, profits, and income over every portion of the income year is not a condition precedent to the liability to taxation, under the internal-revenue laws.

On the contrary, gains, profits, and income received within the income year are annual gains, profits, and income within the meaning of those laws, although the whole amount of the same in a given case may be received within the first month or the last month of the year. Such liability attaches to all gains, profits, and income received within the income year, although the property from which such gains, profits, or income are derived is acquired within the year or is conveyed away before the year closes; and the same rule will apply, although it appears that the gains, profits, or income were derived from a business or avocation which from its nature could not be pursued, or was not pursued, only for a part of the income year.

Great inequality would flow from the opposite rule of construction, as all persons who changed their business within the income year, and all those engaged in avocations which from their nature cannot be pursued throughout the year, would escape all such taxation. Obviously such a construction would defeat, instead of carrying into effect, the intention of congress, and therefore it cannot be admitted. When ascertained as required by law, the intention of congress was, that gains, profits, and income received within the income year, from the sources therein defined, should be subject to the prescribed taxation, whether such gains, profits, or income were derived from any kind of property, rents, interest, dividends, salaries, or from any trade, profession, employment, vocation, owned, collected, pursued, or followed for the whole or any part of the income year.

All such gains, profits, or income received within that year prior to the 2d of July were liable to taxation, under the internal-revenue laws, subject to the deductions which those laws allowed in ascertaining the aggregate amount as the basis for the computation of the tax. In ascertaining the aggregate amount of the gains, profits, or income liable to such taxation, the same deductions were required to be made, as would have been if the testatrix, instead of having deceased, had ceased on that day to be the owner of any property, and for the residue of the income year had received nothing as gains, profits, or income within the meaning of those laws.

Argument is unnecessary to show that all the gains, profits, or income received by the decedent, within that income year, are those which accrued prior to July 2, and that it would be absurd to suppose that she continued to own property after that day, or that she sustained any subsequent loss, within the meaning of those laws. The principal objection to this theory is, that the death of the testatrix occurred before the time appointed for making the required return; and the argument is, that in that state of the case no return can be required by her legal representatives. All guardians and trustees, whether as executors, administrators, or in any other fiduciary capacity, are required under the law then in force to make and render a list or return, in such form and manner as the commissioner should prescribe, to the

assistant assessor of their district, of the amount of gains, profits, or income of any minor or person for whom they acted as guardian or trustee. 13 Stat. 480.

Taxes or duties on incomes thereby imposed are required to be levied on the 1st of May, and the provision is, as before explained, that they shall be due or payable on or before the 30th of June in each year. 13 Stat. 283. Guardians are required to make return for their wards, trustees for their cestuis que trust, and executors or administrators for whom they act. Suggestion is made that the testatrix, after her decease, was not a person residing in the United States, but the suggestion is quite too technical to be entitled to weight, as the executor in the case of a will is the legal representative of the deceased, and by virtue of his appointment, and the probate of the will, is bound to execute the trust reposed in him, by the terms of the will and the testamentary laws of the state.

He is bound to collect all debts which are due, or which fall due to the decedent, and to pay all debts due from the decedent, or which fall due after his decease, unless the assets of the estate are insufficient. Such taxes as accrued before the decease of the testator or testatrix are a debt against the estate, and as such must be paid by the executor out of the assets of the estate. Liability to taxation arises, and in some sense it may be said that the taxes accrue, at the time the gains, profits, and income pass into the hands of the recipient. Return is required in every case before the day of levy, so that it is clear that the tax is due, that is, the recipient of the gains, profits, and income is liable for it before it is assessed, as the return is only to ascertain whether the liability exists, and its extent. 13 Stat. 225.

Evidently such liability, in a case like the present, accrues in the lifetime of the recipient of the gains, profits, and income, and at his or her decease it passes over to the executor or administrator as a debt against the estate. Where the recipient dies within the year, he or she cannot make any return, and the duty of making it in that event devolves on the executor or administrator, as the legal representative of the deceased. The requirement of the law is, that the return shall be made in the collection district where the person resides upon whom the duty of making it is imposed; and it seems but a reasonable construction of that provision, to hold that in cases like the present, it may include the executor or administrator, as no return can be made by the actual recipient of the gains, profits, or income. Concede that an executor or administrator under that provision may be regarded as a trustee, still the argument is, that it is impossible to regard him as the trustee for the decedent, which perhaps is a sound proposition as a technical rule; but he is the legal representa-

tative of the deceased, and as such is bound to collect the dues and pay the debts, and administer the estate, which is a sufficient answer to the proposition as applied to the case before the court. Internal-revenue taxes are also levied on persons having in charge or trust as executors, administrators, or trustees any legacies or distributive shares arising from personal property, where the whole amount shall exceed $1,000 in actual value; and the argument is, that those taxes in case of deceased persons, dying within the income year, are a substitute for the income taxes required to be paid by persons in full life; but it is impossible to adopt the proposition, as the legacy and succession taxes are entirely distinct from the taxes on gains, profits, and incomes. 13 Stat. 287.

Income taxes accrue on gains, profits, or income received by the testator or intestate in his lifetime; but legacy and succession taxes accrue subsequent to the death of such testator or intestate. A suit may be maintained against a collector of internal revenue, to recover back taxes illegally exacted, if the payment was made under written protest to prevent a distraint of the plaintiff's property; but the taxes in this case, under the agreement of the parties, were in judgment of law legally assessed against the plaintiff as executor of Sylvia Ann Howland, deceased.

Judgment for the defendant for the costs of suit.

MANDELL (ROBINSON v.). See Case No. 11,959.

MANDEVILLE (ALEXANDRIA v.). See Case No. 184.

MANDEVILLE (AULD v.). See Case No. 653.

MANDEVILLE (BANK OF ALEXANDRIA v.). See Cases Nos. 850 and 851.