### Appeal of ARTHUR WALKER & CO., INC.

Docket No. 3779. Submitted October 22, 1925. Decided June 21, 1926.

For the fiscal year ending March 31, 1921, taxpayer sustained a net loss as defined in section 204 (a) of the Revenue Act of 1921. With the approval of the Commissioner it changed its fiscal year and filed a return for the period beginning April 1, 1921, and ending February 28, 1922, and claimed the right to deduct a portion of such net loss from the income for such period. *Held*, that no part of such net loss may be allowed as a deduction.

*Laurence Graves, Esq.*, for the petitioner.
*J. W. Fisher, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

Taxpayer appeals from the determination of a deficiency of $174.81 in income and profits tax for the period beginning April 1, 1921, and ending February 28, 1922, and alleges that the Commissioner committed error in refusing to allow a deduction from net income of one-quarter of the net loss sustained during a fiscal year ending March 31, 1921. A second allegation of error was withdrawn at the time of the hearing.

### FINDINGS OF FACT.

Taxpayer sustained a net loss, within the meaning of section 204 (a) of the Revenue Act of 1921, for the fiscal year ended March 31, 1921, of $16,358.59. Thereafter, taxpayer changed its accounting period to a fiscal year ending February 28, and filed a return for the eleven-month period from April 1, 1921, to February 28, 1922. The Commissioner refused to allow any part of such net loss as a deduction from the net income of the taxpayer for such eleven-month period.

### OPINION.

PHILLIPS: During the fiscal year ended March 31, 1921, the taxpayer sustained a net loss, within the meaning of section 204 (a) of the Revenue Act of 1921, of $16,358.59. Under the provisions of the remaining subdivisions of section 204, one-fourth of such amount, or $4,089.67, was deductible " from the net income of the taxpayer for the succeeding taxable year."

Within the following twelve months the taxpayer changed its fiscal year and filed a return for the period beginning April 1, 1921, and ending February 28, 1922. This change was made voluntarily by the taxpayer, with the consent of the Commissioner, pursuant to section 226 of the Act, which provides, so far as material:

### RETURNS FOR A PERIOD OF LESS THAN TWELVE MONTHS.

Sec. 226. (a) That if a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from * * * one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.

(b) In all cases where a separate return is made for a part of a taxable year the net income shall be computed on the basis of such period for which separate return is made, and the tax shall be paid thereon at the rate for the calendar year in which such period is included.

(c) In the case of a return for a period of less than one year the net income shall be placed on an annual basis by multiplying the amount thereof

by twelve and dividing by the number of months included in such period; and the tax shall be such part of a tax computed on such annual basis as the number of months in such period is of twelve months.

Section 200 of the Act provides:

The term "taxable year" means the calendar year, or a fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term "fiscal year" means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1921, shall be the calendar year 1921 or any fiscal year ending during the calendar year 1921.

The question presented is whether the period from April 1, 1921, to February 28, 1922, is "the succeeding taxable year," within the statutory definition. It has previously been decided by the Board in the *Appeal of Tacoma Grocery Co.*, 1 B. T. A. 1062, that the period between two fiscal years, caused by a change in the fiscal period under section 226 of the 1918 Act, is not a taxable year. In our decision no mention was made of the only court decision to which our attention has been called which interprets that section.

In *Bankers' Trust Co.* v. *Bowers*, 295 Fed. 89; 4 Am. Fed. Tax Rep. 3748, the Circuit Court of Appeals for the Second Circuit was called upon to construe the provisions of section 226 of the 1921 Act. In that case it appeared that the executors of the estate of one Glackner, who died April 4, 1921, filed two income-tax returns for 1921, one of which reported the net income of the decedent for the calendar year 1921, and the other the net income received by the executors during the same calendar year. The Commissioner computed, assessed, and collected the tax upon an annual basis under section 226 (c). Claims for refund having been denied, the suit was brought to recover the additional taxes so assessed and collected. The District Court granted a motion by the defendant to dismiss. The judgment of the District Court was reversed by the Circuit Court of Appeals. In its opinion that court says:

The question raised on this review is whether the taxes in question should have been determined in the manner described in section 226 (c) of the Revenue Act of 1921, or by other provisions of the act referred to herein.

\*          \*          \*          \*          \*          \*

Subdivision (c) of section 226 applied only to computing tax in case of a return for a period of less than one year, and the District Court has held that returns necessary to be filed by the plaintiffs were returns for a period of less than a year, and that the tax liability was properly determined.   \*   \*   \*

The fundamental scheme of title 2 of the Revenue Act is for a tax upon the net income of the taxpayer during an accounting period of twelve successive months. This general accounting period seems to be a predetermined measure to be applied to a taxpayer's income, and is not affected by his death or change of status within the period. The tax is imposed upon the entire net income for such period, and the return of such income constitutes his return for the

period of twelve full months, even though he may have lived only a portion thereof. *The exception to this is where a voluntary change is made in the accounting period by the taxpayer*, or where it becomes involuntary in so far as the taxpayer is concerned by the Commissioner's declaring the taxable period terminated under section 250 (g). (Italics ours.)

The court then quotes sections 200 and 212 of the Act and comments:

Thus it will be observed that, except where a voluntary change is made, the accounting period is twelve months, which becomes the taxable year.

Other sections of the Act are then cited which have no relation to the present appeal, and the court goes on to elaborate its reasons for its decision as follows:

The time of receipt of income or the ability to receive income has no bearing upon the accounting period. A taxpayer may receive his income for the year on the first day of the year. He may become a non-resident alien during the year, without property in or income from any source in the United States. As an alien, he may have come to this country during the first taxable year, and he may have attained his majority or become incompetent during the year. When during the year his status changes, and he becomes a taxpayer, or ceases to be one, is immaterial. If he received taxable income during any part of that year, and kept his books on a calendar year basis, a return is required of all such income derived from or received within the twelve months of such calendar year, and the return is for a period of twelve months. *Here the plaintiffs reported all the taxable income received by the decedent during the calendar year 1921; and in their return, they reported all the taxable income received by the estate of the decedent during the same calendar year 1921.* (Italics ours.)

Following the same reasoning used in this opinion, the Board in *Appeal of Carroll Chain Co.*, 1 B. T. A. 38, held, where a corporation was organized in November, 1921, and adopted a fiscal year ending on June 30, that the period ended June 30, 1922, was its first fiscal year. This decision has been followed in a number of appeals where, by reason of organization or dissolution, the corporation was not in existence during the full fiscal year. In those decisions it was pointed out that the return included all income received for a period of twelve months prior to the close of the year. We are now asked to go further and to hold that a return which does not include all of the income of the preceding twelve months, due to a change of the fiscal year made pursuant to section 226, is a return for a taxable year, regardless of the statutory definition of a taxable year as a period of twelve months.

The distinction to be drawn between a taxpayer who comes into or goes out of existence during a taxable year and one who voluntarily changes his accounting period, thereby being required to make a return for a part of a year, which does not include all of the income received during the preceding twelve months, is clearly pointed out in the decision in *Bankers' Trust Co.* v. *Bowers, supra*, and in the statute. The statute in section 226 speaks of the interim between

one fiscal year and another fiscal year, not as a fiscal or taxable year, but as "the period between the close of the former fiscal year and the date designated as the close of the new fiscal year" (subdivision (a)), "a part of a taxable year," "such period for which separate return is made" (subdivision (b)), and "a period of less than one year," "such period" (subdivision (c)). It is clear that the Act contemplates a distinction between a fiscal period of less than twelve months and a taxable year, and it provides a different method of computing the tax in each instance.

The equities of the taxpayer's position are strong and have been recognized by Congress in the Revenue Acts of 1924 and 1926, but for the Board to hold that a fiscal period arising under section 226 of the 1921 Act meets the definition of a taxable year as set out in the Act would be no less than an attempt at legislation. That a different method of computing the tax is provided serves to emphasize the distinction between a taxable year and a taxable period of less than a year. As was said by the court in the *Bankers' Trust Co.* case, "the taxpayer may change his accounting period under section 226 as he will, and may stand the disadvantage of the tax." This is the position in which the taxpayer has been placed by his voluntary act. The net loss provision of the 1921 Act is confined in its operation to offsetting a net loss of one year against the income of the succeeding year, and no provision is made for offsetting the loss of one year against the income of only a portion of the succeeding year.

> *The deficiency is $174.81. Order will be entered accordingly.*

TRUSSELL dissents.