**BANKERS' TRUST CO. et al. v. BOWERS, Collector of Internal Revenue.**

(Circuit Court of Appeals, Second Circuit. December 10, 1923.)

No. 173.

1. **Internal revenue ⊜⇒7—Decedent and his estate are separate taxable entities; tax computed on basis of return for full year; "period less than one year."**

A decedent and his estate are separate taxable entities, under Revenue Act 1921 and a return made for a decedent by his executors for the calendar year in which he died, under section 223 (Comp. St. Ann. Supp. 1923, § 6336⅛kk), and a return made by them for his estate for the same calendar year, under section 225 (Comp. St. Ann. Supp. 1923, § 6336⅛ll) are returns for the full calendar year, and the tax is to be computed thereon as such, and not as on a return "for a period of less than one year," under section 226, subd. "c" (Comp. St. Ann. Supp. 1923, § 6336⅛m).

2. **Statutes ⊜⇒181(2), 217, 225—Should be construed to avoid unjust operation and with reference to history and other sections.**

A statute should be so construed as to avoid unjust consequences; unless the language compels such a result, and construction should be given with reference both to the history of the legislation and to other sections of the law in pari materia.

3. **Internal revenue ⊜⇒4—Tax statutes to be strictly construed.**

The interpretation of statutes levying taxes must not extend beyond their provisions by implication, nor may they be interpreted beyond the clear import of the language used, and in case of doubt they are to be construed strongly against the government and in favor of the taxpayer.

Appeal from the District Court of the United States for the Southern District of New York.

Action at law by the Bankers' Trust Company and Frederick H. Pearce, executors of the will of John Glackner, deceased, against Frank K. Bowers, Collector of Internal Revenue for the Second District of New York. Judgment for defendant, and plaintiff appeals. Appeal treated as writ of error, and judgment reversed.

For opinion below, see 292 Fed. 793.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

White & Case, of New York City (Joseph M. Hartfield and Russell. D. Morrill, both of New York City, of counsel), for appellant.

William Hayward, U. S. Atty., of New York City (Victor House, Asst. U. S. Atty., of New York City, and Nelson T. Hartson, Solicitor of Internal Revenue, and A. Calder Mackay, Sp. Atty., both of Washington, D. C., of counsel), for appellees.

Van Doren, Conklin & McNevin, of New York City (William R. Conklin and Louis O. Van Doren, both of New York City, of counsel), for Cowdin and another as executors.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. We shall refer to the parties as below, plaintiffs and defendant. The plaintiffs have appealed from a judgment at law. Their remedy on appeal is by writ of error, and we shall treat their appeal as a writ of error, pursuant to the Act of September 6, 1916, c. 448, § 4, 39 Stat. 727 (Comp. St. § 1649a), ignoring the mistake and regarding the action taken as appropriate, so as to bring the cause here for review.

John Glackner died April 4, 1921, leaving a will which was duly admitted to probate and the plaintiffs qualified as his executors. On March 15, 1922, they filed two income tax returns. One reported the net income of decedent during the calendar year of 1921, and the other the net income received by the plaintiffs as executors during the same calendar year. The first cause of action set forth in the complaint is for a tax paid upon the basis of the return filed for the decedent. It alleges that the correct tax liability of the decedent for the calendar year 1921 was $269.44, and that the defendant demanded and was paid on account of this tax $1,560.04; that $1,290.60 of said tax was paid under protest and duress, and a claim for the refund thereof was subsequently rejected by the Commissioner of Internal Revenue. The second cause of action sets forth a tax paid upon a basis of the return reporting the net income received by the executors' in 1921. The correct tax is alleged as $2,050.27, whereas there was demanded and paid $2,633.85; of this amount $583.58 was paid under protest, and a claim for refund was denied by the Commissioner of Internal Revenue. The tax collected and paid was computed by the Internal Revenue Commissioner under a construction of section 226 (c) of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛m). On motion made by the defendant that the complaint did not state a cause of action, the complaint was dismissed; the court delivering an opinion which supported the claim of the government as to the amount of the taxes.

[1] The question raised on this review is whether the taxes in question should have been determined in the manner described in section 226 (c) of the Revenue Act of 1921, or by other provisions of the act referred to herein. Section 226 reads as follows:

"(a) That if a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made

ror the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year.

"(b) In all cases where a separate return is made for a part of a taxable year the net income shall be computed on the basis of such period for which separate return is made, and the tax shall be paid thereon at the rate for the calendar year in which such period is included.

"(c) In the case of a return for a period of less than one year the net income shall be placed on an annual basis by multiplying the amount thereof by twelve and dividing by the number of months included in such period; and the tax shall be such part of a tax computed on such annual basis as the number of months in such period is of twelve months."

Subdivision (c) of section 226 applied only to computing tax in case of a return for a period of less than one year, and the District Court has held that returns necessary to be filed by the plaintiffs were returns for a period of less than a year, and that the tax liability was properly determined, applying the statutory formula of (1) multiplying the net income by 12; (2) dividing the product so obtained by the number of months and fraction thereof in the period covered by the return; (3) computing the normal and surtax on the quotient; and (4) dividing the total tax so computed by 12 and multiplying the quotient by the number of months and fraction thereof in the period covered by the return. The statute and regulations of the department apart from section 226 (c), contain a complete scheme for the filing of income tax returns of decedents and their estates. We must accept the fact that income tax statutes are designed and intended to reach actual income received by the taxpayer. Section 213 (a), being Comp. St. Ann. Supp. 1923, § 6336⅛ff, defining gross income points this out in providing:

"Includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including in the case of the President of the United States, the judges of the Supreme and inferior courts of the United States, and all other officers and employees, whether elected or appointed, of the United States, Alaska, Hawaii, or any political subdivision thereof, or the District of Columbia, the compensation received as such), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items (except as provided in subdivision [e] of section 201) shall be included in the gross income for the taxable year in which received by the taxpayer unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period."

Section 212 (Comp. St. Ann. Supp. 1923, § 6336⅛f) defines net income as meaning the gross income as defined in section 213 (Comp. St. Ann. Supp. 1923, § 6336⅛ff), less the deductions allowed by section 214 (Comp. St. Ann. Supp. 1923, § 6336⅛g), and subdivision (b) thereof provides that the net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be), in accordance with the method of accounting regularly employed in keeping the books of such taxpayer. Actual

income was to be taxed—not constructive or hypothetical. The plaintiffs argue that the return was not a return for a period of less than one year within section 226 (a), and that the tax should be computed by the ordinary method prescribed for the computation of income tax. The plaintiffs base this writ of error upon the non-applicability of section 226, and urge that, if it applies, it is unconstitutional for the reason that in operation it would tax as income that which does not constitute income within the Sixteenth Amendment of the Constitution, and therefore violates the provisions of article 1, § 2, cl. 3, and article 1, § 9, cl. 4, of the Constitution; also, if so construed, it would violate the Fifth Amendment of the Constitution. In the view we take, it will be unnecessary to consider the constitutional questions presented; this, for the reason that section 226, subdivision (c) provides solely for the placing of income on an annual basis and for computation of the tax thereon in the case of a return for a period of less than one year where the change is made voluntarily by the taxpayer or pursuant to an order of the commissioner. The fundamental scheme of title 2 of the Revenue Act is for a tax upon the net income of the taxpayer during an accounting period of 12 successive months. This general accounting period seems to be a predetermined measure to be applied to a taxpayer as income, and is not affected by his death or change of status within the period. The tax is imposed upon the entire net income for such period, and the return of such income constitutes his return for the period of 12 full months, even though he may have lived only a portion thereof. The exception to this is where a voluntary change is made in the accounting period by the taxpayer, or where it becomes involuntary in so far as the taxpayer is concerned by the commissioner's declaring the taxable period terminated under section 250 (g), being Comp. St. Ann. Supp. 1923, § 6336⅛tt. Sections 210 and 211 (Comp. St. Ann. Supp. 1923, §§ 6336⅛e, 6336⅛ee) impose a normal tax and surtax for each taxable year upon net income of the individual. A taxable year, a term applied to the general accounting period, is by section 200 (Comp. St. Ann. Supp. 1923, § 6336⅛a) defined as follows:

"(1) The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or section 232. The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. The first taxable year, to be called the taxable year 1921, shall be the calendar year 1921 or any fiscal year ending during the calendar year 1921."

The basis for computing the net income of individuals is found in section 212 (Comp. St. Ann. Supp. 1923, § 6336⅛f) and provides:

"(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

"(c) If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226."

Thus it will be observed that, except where a voluntary change is made, the accounting period is 12 months, which becomes the taxable year; and, so that the Commissioner of Internal Revenue may have the necessary information for determining the tax liability upon this basis, returns are to be filed under section 223, being section 6336⅛kk, Comp. St. Ann. Supp. 1923: (1) By individuals having a net income for the taxable year equal to or in excess of specific sums; (2) by partnerships for each taxable year; and (3) by fiduciaries for individuals, estates, or trusts having income equal to or in excess of specified sums for the taxable year. The time of filing is given by section 227 (Comp. St. Ann. Supp. 1923, § 6336⅛mm) as:

"(a) That returns (except in the case of nonresident aliens) shall be made on or before the fifteenth day of the third month following the close of the fiscal year, or, if the return is made on the basis of the calendar year, then the return shall be made on or before the 15th day of March. In the case of a nonresident alien individual returns shall be made on or before the fifteenth day of the sixth month following the close of the fiscal year, or, if the return is made on the basis of the calendar year, then the return shall be made on or before the 15th day of June. * * * "

No time other than the close of the calendar or fiscal year is fixed. By section 225 (Comp. St. Ann. Supp. 1923, § 6336⅛ll):

"Any fiduciary required to make a return under this act shall be subject to all the provisions of this act which apply to individuals."

Section 219 (Comp. St. Ann. Supp. 1923, § 6336⅛ii), entitled "Estates and Trusts," does not require filing returns for less than one year and subdivision (a) thereof provides that taxes imposed by section 210 and section 211 apply to income of estates and trusts. It reads:

"(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

"(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

"(3) Income held for future distribution under the terms of the will or trust; and

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct."

By subdivision (b):

"The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212."

The executors here have made a return of income received and paid taxes for the estate "during the period of administration or settlement" and by subdivision (c):

"The tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or

credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216."

We therefore observe that section 219 (b) expressly required that the net income shall be computed in the same manner and on the same, basis as provided in section 212 and that section 212 provides for an accounting of 12 full months; the only exception being in the case alone where—

"the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226."

The plaintiffs allege their accounts as executors were kept on the calendar year basis, and upon this basis they are taxable pursuant to section 219. We find nothing in the act making returns filed for decedents or estates exceptions to the general rule. The plaintiffs, in their returns for the decedent and his estate, did not elect to change the accounting period, nor is there any attempt to defeat the collection of the tax, which might invoke either of the sections above referred to. Therefore, not falling within either of the exceptions above, they would be improperly considered, if returned for less than a year. The time of receipt of income or the ability to receive income has no bearing upon the accounting period. A taxpayer may receive his income for the year on the first day of the year. He may become a nonresident alien during the year, without property in or income from any source in the United States. As an alien, he may have come to this country during the first taxable year, and he may have attained his majority or become incompetent during the year. When during the year his status changes, and he becomes a taxpayer, or ceases to be one, is immaterial. If he received taxable income during any part of that year, and kept his books on a calendar year basis, a return is required of all such income derived from or received within the 12 months of such calendar year, and the return is for a period of 12 months. Here the plaintiffs reported all the taxable income received by the decedent during the calendar year of 1921; and in their return, they reported all the taxable income received by the estate of the decedent during the same calendar year 1921. The estate and deceased were separate entities, each having a separate accounting. Because their books were kept for the calendar year 1921, it required them to return for that year. It was possible for the estate to have kept its books on a fiscal year basis. A different period might then have been called for. The return filed for the decedent was one of the returns required to be filed by the fiduciaries and for "an individual" having a net income for the taxable year of "$1,000 or over" under section 225, and the estate return was required for "every estate or trust the net income of which for the taxable year is $1,000 or over" under the same section. The decedent and his estate have long been regarded as separate taxable entities. In Mandell v. Pierce (16 Fed. Cas. 576, Case No. 9,008), arising under the Act of June 30, 1864 (13 Stat. c. 173), an executor sought to recover a tax collected on the income received by the decedent from January 1, 1865, to July 2, 1865, the date of his

death. The plaintiff argued that the income tax was imposed on an annual income, and the act required no return to be filed by an executor, where the deceased died before the time appointed for the filing of the return. In sustaining the tax, the court said it was imposed upon the income received within the income year, and that the income received by the decedent within the income year constituted "annual gains, profits, and income" within the meaning of the act, holding that:

"Gains, profits, and income received within the income year are annual gains, profits, and income within the meaning of those laws, although the whole amount of the same in a given case may be received within the first month or the last month of the year."

And further:

"When ascertained as required by law, the intention of Congress was, that gains, profits, and income received within the income year, from the sources therein defined, should be subject to the prescribed taxation, whether such gains, profits, or income were derived from any kind of property, rents, interest, dividends, salaries; or from any trade, profession, employment, vocation, owned, collected, pursued, or followed for the whole or any part of the income year."

Subdivision (f) of section 216 (Comp. St. Ann. Supp. 1923, § 6336⅛h) provides:

"The credits allowed by subdivisions (c), (d), and (e) of this section shall be determined by the status of the taxpayer on the last day of the period for which the return of income is made; but in the case of an individual who dies during the taxable year, such credits shall be determined by his status at the time of his death, and in such case full credits shall be allowed to the surviving spouse, if any, according to his or her status at the close of the period for which such survivor makes return of income."

This section indicates it was not the intention of Congress that the date of death be the last day of the period for which the decedent's return is filed. If Congress wanted to include within section 226 (c) decedent's and other estates, it might have done so in appropriate language.

Reading section 226 as a whole, it is clear that the purpose was to present a single unified plan for computing tax liability of a taxpayer who voluntarily changed his accounting period. Subdivision (a) provides for making of separate returns covering a period of less than 12 months in case of a taxpayer who, with the consent of the commissioner, changes his accounting period, and this is the only provision providing for a change of accounting period except section 250 (g). Subdivision (b) merely provides that in all cases where separate returns are made for part of the taxable year, the return shall include the taxpayer's income during the period covered by the separate return and that the tax rate of the calendar year in which the period falls, is applicable. The use of the phrase "all cases" undoubtedly applies to cases where separate returns are required under subdivision (a). Having provided the periods to be covered by returns in the case of a change in voluntary periods and in income to be accounted for in returns and the tax rate applicable thereto, subdivision (c) provides for the computation of the tax on an annual basis. The returns required under subdivision (a) are returns for a period of less than one year,

and it is clear from the context that subdivision (c) was intended to apply to such returns alone. There was nothing in subdivision (c) which would indicate, a purpose to create a new and extensive class of returns, such as those in the instant case, for a period of less than one year.

We regard subdivisions (b) and (c) as interrelated. Subdivision (b) assumes that the period covered by the return will fall within a single calendar year, for it provides that tax shall be paid at the rate for the calendar year in which such period is included. In case of a voluntary change of the accounting period, the period of less than one year will necessarily fall within a single calendar year in the case of a taxpayer who renders returns on a fiscal year basis. However, the period from the beginning of the fiscal year to the date of his death may very well fall within two calendar years. So it is with executors who may keep their books on a fiscal year basis, in which case the period from the date of the decedent's death to the end of the fiscal year may fall within two calendar years. If Congress had considered returns for decedent's and for their estates to constitute "a separate return * * * for a part of a taxable year," subdivision (b) would have made provision for the application of the rates of taxes for the calendar year in which the periods covered by the returns were included. The Revenue Act nowhere contains a provision or computation of a tax in the case of a return for a period commencing in one calendar year and terminating the following calendar year other than at the close of a fiscal year. It is only in section 205 (Comp. St. Ann. Supp. 1923, § 6336⅛d) in which provision is made for a tax, where a tax shall be computed in case of fiscal years beginning in 1920 and ending in 1921, or beginning in 1921 and ending in 1922, but there fiscal years only are covered. Therefore subdivision (c), which provides for the method of computing the tax applying the rates provided in subdivision (b), could not apply to returns for decedents or their estates. Again, subdivision (c), in providing for the placing of a net income on an annual basis, refers solely to the number of months included in such period. This language is entirely inappropriate where death occurs on any date during the month and no provision is made for computation which would include a period covering a fraction of a month. The language used is entirely appropriate in cases of returns filed under subdivision (a) for a month, for such returns would not include a fraction of a month.

[2] In interpreting a statute, the construction placed thereon should avoid unjust consequences, unless the language compels such a result, and a construction should be had with reference both to the history of the legislation and to other sections of the law with which it is in pari materia. Gutschalk v. Peck (D. C.) 261 Fed. 212. The congressional reports and the legislative history of section 226 are of interest. ' Under the Act of 1918, section 226 (Comp. St. Ann. Supp. 1919, § 6336⅛m), a taxpayer, with the approval of the Commissioner, was permitted to change his accounting period, which adjustment necessitated a return for a period for less than one year. The filing of a return for a shorter period resulted in a subsequent saving in surtaxes and made a change in the accounting periods of decided advantage

to the taxpayer. This result was unfair to the taxpayers who did not change their accounting periods, or who could not show a basis therefor, as well as unfair to the government. It was remedied by the present act (section 226 [c]) as finally enacted. The purpose of the proposed amendment was stated in the report of the committee on ways and means accompanying H. R. 8245:

"Section 232: Under existing law the taxpayer may improperly reduce his surtax by changing his fiscal year, thus splitting his annual income into two parts. This section proposes to prevent such evasion by providing that in the case of a return for a period of less than one year the net income shall be placed on an annual basis and the surtax properly computed thereon in accordance with the number of months in such period."

In the original House Bill, the subdivisions of section 226 were not separately numbered or lettered, and the insertion by the Senate of the distinguishing letters (a), (b), and. (c) was described in the statement attached to the conference report as "a clerical change." It is apparent that this was done solely for convenience, and not with the intention of separating subdivision (c) from its context. In the House Bill, section 226 (d) began with the words "In all of the above cases." This was changed by the Senate amendment No. 346 to read, "In all cases where a separate return is made for a part of a taxable year." This amendment was adopted in conference and states:

"Amendment No. 346: This amendment is a clerical change, and the House recedes."

In the 1918 act, the title of section 226 was "Returns When Accounting Period Changed." This bill was changed in the original House amendment, and in the title as reported by the Senate finance committee by amendment proposed on the floor of the Senate and adopted without debate, the title of the section was changed to "Return for a Period of Less than Twelve Months." 61 Congressional Record, 7917, 7918. The amended title was printed in the draft of the bill accompanying the conference report. The conference report refers to the Senate amendment No. 345, re-enacting section 226 (a) with the amended title, as follows:

"This amendment is a clerical change, made necessary by the repeal and re-enactment of the Revenue Act of 1918, instead of its amendment in specified. particulars, as explained in connection with amendment No. 3, and. the House recedes."

[3] There is nothing of the legislative history of section 226 which indicates a contrary interpretation than that which we have given it, and the conference report argues forcibly that Congress had in mind returns expressly referred to in subdivision (a) when it enacted subdivision (c) thereof. The interpretation of statutes levying taxes must not extend beyond their provisions by implication, nor must they be interpreted beyond the clear import of the language used. In case of doubt, they are interpreted strongly against the government and in favor of the taxpayer. United States v. Wigglesworth, 2 Story, 369, Fed. Cas. No. 16690; American Net & Twine Co. v. Worthington, 141 U. S. 468, 12 Sup. Ct. 55, 35 L. Ed. 821; Benziger v. United States, 192 U. S. 38, 24 Sup. Ct. 189, 48 L. Ed. 331; Gould v. Gould, 245 U.

295 F.—7

S. 151, 38 Sup. Ct. 53, 62 L. Ed. 211; Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 42 Sup. Ct. 223, 66 L. Ed. 391. The taxpayer may change his accounting period under section 226 as he will, and may stand the disadvantage of the tax. Inequity would flow in following the formula proposed for taxation under section 226 (a), if applied to a decedent and his estate, particularly if the practice was indulged in of using the month and a fraction of a month in calculating the income. Where a construction of a statute will occasion great inconvenience, or produce inequality or injustice, that view is to be vetoed if another and more reasonable interpretation is present in the statute. Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969; Bate Refrigerating Co. v. Sulzberger, 157 U. S. 37, 15 Sup. Ct. 508, 39 L. Ed. 601.

We think the complaint sufficiently alleges a cause of action for the recovery of the tax in question, and that it was error to grant the motion for judgment.

Judgment reversed.