DAVIS YARN CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6885. Promulgated September 27, 1927.

Where a corporation, organized on March 1, 1921, filed its returns on a calendar year basis and the return included the income from organization to December 31, 1921, *held* that such return is a return

11340°—28——22

for a full taxable year of 12 months and it is entitled as an excess-profits credit to the entire specific exemption of $3,000, plus an amount equal to 8 per cent of its invested capital, averaged over the full taxable year of 12 months.

*Milton M. Wecht, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

In this proceeding the petitioner appeals from the determination of a deficiency of income and profits taxes for 1921 in the amount of $1,001.88. The alleged deficiency arises from the action of the respondent in treating the return of the petitioner as a return for a fractional part of a year instead of a return for a full taxable year, and in prorating the specific exemption and excess-profit credit of 8 per cent of invested capital on the basis of such fractional part.

### FINDINGS OF FACT.

The petitioner is a New York corporation, organized on March 1, 1921. Its business is trading in silk and woolen yarn and its principal office is located at Brooklyn, N. Y.

The petitioner began business on March 1, 1921. It kept and closed its books on a calendar year basis, the books being closed for the first time on December 31, 1921. The outstanding capital stock at both March 1, 1921, and December 31, 1921, amounted to $100,000, and the invested capital covering this 10-month period likewise amounted to $100,000. On or before March 15, 1922, the petitioner filed a return which is styled "Corporation income and profits tax return for the calendar year 1921, or for the period begun March 1, 1921, and ended December 31, 1921."

In determining its excess-profits credit under Schedule C in the return so filed, the petitioner claimed the specific exemption of $3,000, plus 8 per cent of its invested capital of $100,000, ($8,000) or a total excess-profits credit of $11,000.

The respondent in determining the excess-profits credit, prorated both the specific exemption of $3,000 and the invested capital of $100,000 on the basis of a return for ten-twelfths of a year, thereby arriving at a total excess-profits credit of $9,166.67.

### OPINION.

VAN FOSSAN: The question in this case is the amount of the excess-profits credit to which the petitioner, a corporation organized March 1, 1921, and filing a return covering its operations to and including December 31, 1921, is entitled under section 312 of the 1921 Act. This section provides:

That the excess-profits credit shall consist of a specific exemption of $3,000 plus an amount equal to 8 per centum of the invested capital for the taxable year.

The questions arising in the instant proceeding are substantially the same as those involved in the *Louis Hymel Planting & Manufacturing Co.*, 5 B. T. A. 910. That case arose under the Revenue Act of 1918, but we find no material difference in the pertinent sections of Acts involved in the two proceedings. In that case, the question of what is a return for a fractional part of a year and what is a return for a year was discussed at length and decided in accordance with principles laid down in the case of *Bankers' Trust Co.* v. *Bowers*, 295 Fed. 89. The Board has further had occasion in other instances wherein similar questions were involved, to apply the principles laid down in the *Bankers' Trust Co.* case; *Carroll Chain Co.*, 1 B. T. A. 38; *Lynch Construction Co.*, 3 B. T. A. 313. See also *Arthur Walker & Co.*, 4 B. T. A. 151, and *Durabilt Steel Locker Co.*, 5 B. T. A. 239.

Following the reasoning used in the above cited cases, we are of the opinion that the petitioner's return in which was included the income for the period from March 1, 1921, the date of organization to December 31, 1921, was not a return for a " fractional part of a year " but was a return for a full taxable year of 12 months and that it is entitled to the full specific exemption of $3,000.

The remaining question is the proper basis to be applied in arriving at the invested capital for computing the additional deduction of 8 per cent allowed as an excess-profits credit under section 312. On this point also the decision is governed by the principles announced by the Board in *Louis Hymel Planting & Manufacturing Co.*, supra.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MARQUETTE, MILLIKEN, and PHILLIPS.