LOWELL & ANDOVER RAILROAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7930.   Promulgated October 4, 1927.

Many years prior to the taxable year petitioner leased its railroad and property for a term of years, the lessee agreeing to pay all Federal income taxes imposed upon the lessor with reference to the rental. The lessee paid the Federal tax upon the net income returned by petitioner for each year subsequent to the lease. *Held*, the amount of tax so paid constitutes additional income to the petitioner for the year in which such tax became due and was paid.

*J. S. Y. Ivins*, *Esq.*, and *O. R. Folsom-Jones*, *Esq.*, for the petitioner.

*M. N. Fisher*, *Esq.*, and *P. J. Rose*, *Esq.*, for the respondent.

The Commissioner determined a deficiency in income and profits tax of $5,085.01 for the fiscal period January 1 to November 30, 1919, of which amount $478.94 is in controversy. The issues involved are (1) whether the payment, under the terms of a lease, of the lessor's income tax by the lessee constitutes additional income to the lessor, and (2) whether the allowance by the Commissioner of only eleventwelfths of $2,000 credit provided in section 236 (c) of the Revenue Act of 1918, is correct, the petitioner claiming that the full $2,000 credit should have been allowed.

### FINDINGS OF FACT.

During the taxable period the petitioner was a Massachusetts corporation with principal office at Boston. It was the owner of a railroad which it leased to the Boston & Maine Railroad under a lease which provided, *inter alia*, that the lessee would pay the Federal income tax of the lessor. The income tax of the petitioner for each year was payable and was paid by the lessee in the following year.

The Commissioner computed a Federal income tax of $4,622.74 upon petitioner's income, as revised by him, for the period January 1 to November 30, 1919, and added this amount to petitioner's income for said taxable period.

The income-tax return of petitioner for the calendar year 1918 disclosed a tax liability of $6,004.63, computed upon the income of petitioner for that year without the inclusion therein of any amount on account of tax paid by petitioner's lessee. This tax of $6,004.63 was paid by the petitioner's lessee during the year 1919.

In arriving at the amount of the deficiency for the fiscal period January 1 to November 30, 1919, determined by him, the Commissioner allowed petitioner as a credit against taxable income, under the provisions of section 236 of the Revenue Act of 1918, eleven-twelfths of $2,000 instead of the full amount of $2,000 claimed by the petitioner.

Petitioner was merged with the Boston & Maine Railroad December 1, 1919.

The books of petitioner were kept upon an accrual basis.

### OPINION.

LITTLETON: In *Appeal of Providence & Worcester Railroad Co.*, 5 B. T. A. 1186, the Board held that the amount of tax upon the income of the lessor paid by the lessee, under the terms of a lease such as we have here, constituted additional taxable income to such lessor in the year in which such tax was payable by such lessee. On the authority of that decision petitioner's tax for the fiscal period January 1 to November 30, 1919, should be recomputed by including in income the amount of $6,004.63 representing the tax upon petitioner's income for the year 1918 paid in 1919.

As to the second issue, the petitioner did not change its accounting period from a calendar year to a fiscal year basis, or *vice versa*, and its return was not made under section 226 of the Revenue Act of 1918. The period January 1 to November 30, 1919, was the petitioner's taxable year. The reason it filed a return covering only

eleven months was that its separate existence ceased when it was absorbed by and merged with the Boston & Maine Railroad on December 1, 1919. The new consolidated corporation was just as much a separate entity from the petitioner as a decedent's estate is a separate entity from the decedent. The reasoning and conclusion of the court in *Bankers' Trust Co.* v. *Bowers*, 295 Fed. 89, and *Louis Hymel Planting & Manufacturing Co.*, 5 B. T. A. 910, apply with equal force in this instance. See also *Carroll Chain Co.*, 1 B. T. A. 38; *Lynch Construction Co.*, 3 B. T. A. 313; *Arthur Walker & Co.*, 4 B. T. A. 151, and *Durabilt Steel Locker Co.*, 5 B. T. A. 239. The Board is of the opinion therefore that the Commissioner erred in this regard and that he should have allowed a credit of the full amount of $2,000.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*