GERTRUDE H. MILES, EXECUTRIX, ESTATE OF ROLAND C. MILES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16805.   Promulgated June 11, 1928.

*James Walton, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, and *George S. Herr, Esq.*, for the respondent.

OPINION.

MILLIKEN: This proceeding came on for hearing May 21, 1928, and counsel for petitioner has requested an immediate decision.

With respect to the first issue, petitioner has introduced two witnesses, herself and a public accountant, neither of whom had first hand information relative to the facts concerning which they attempted to testify. Petitioner knew nothing of the contract of sale made by her late husband to his brother, except what her husband had told her. She had never spoken to the vendee on the subject. She was not permitted under the hearsay rule to testify as to her late husband's statements to her. Both petitioner and the public accountant attempted to testify as to the contents of the books of the partnership, she from memory and the accountant from written memoranda which he testified he had taken from the books. Neither ever had custody of the books nor had participated in keeping them. Whether the books actually reflected the accounts and financial condition of the firm was not brought out. For this reason and for the further reason that it appeared that the books were in existence and could have been produced at the hearing, all such testimony was excluded with the result that there is no evidence which sustains petitioner's contentions that the deficiency was not properly com-

puted. Petitioner has made no proper efforts to bring the books before us or to procure as a witness the brother of the decedent, now living, and who purchased the partnership interests of decedent.

Petitioner's counsel insisted at the hearing that respondent determined the deficiency under section 280 of the Revenue Act of 1926 and that that section is unconstitutional. There is nothing in the record which indicates that respondent proceeded under section 280. We have not been favored by a brief from counsel for petitioner but are under the impression that he relies on *Owensboro Ditcher & Grader Co.* v. *Lucas*, 18 Fed. (2d) 798. Without passing on the merits of that decision, it is sufficient to point out that it is apparent that petitioner is not a transferee, such as was involved in that case. She is the personal representative of the deceased taxpayer and as such she stands in his shoes. She represents him in the settlement of his estate; in the collection of all that is due it and in the payment of all his obligations. As such, it was her duty not only to return the income of the estate but also all the income of her testator which he had not returned. Section 225 of the Revenue Acts of 1918, 1919, 1921, 1924, and 1926. Cf. *Bankers' Trust Co.* v. *Bowers*, 295 Fed. 89. She has the right to file in behalf of the estate waivers extending the period of limitation. *Aldridge* v. *United States*, 64 Ct. Cls. 424. She has the right to recover any overpayments of decedent's taxes and she is under obligation to pay all his taxes which remain unpaid. ·In fact, she is what the term "personal representative" imports—the representative of her deceased husband in all matters that pertain to his liabilities and to his estate. She is his *iadem persona*. *Matter of Martin*, 144 N. Y. S. 174. Not only is she the representative of decedent but she is also the representative of those who have claims against his estate, including the Government. 23 C. J. 1170. This proceeding falls within section 281 of the Revenue Act of 1926. The difference between the situation here presented and that which was involved in *Owensboro Ditcher & Grader Co.* v. *Lucas, supra*, is too obvious for discussion. The determination of respondent was proper and we so hold.

Respondent made his determination within 5 years after the filing of the return for the year 1920 and within 4 years after the filing of the return for the year 1921 and petitioner filed her petition with the Board within 60 days after the mailing of the notice of deficiency. Neither the assessment nor collection of the tax for either year is barred. Section 277 (*a*) (2) (3) (4) and (*b*) and section 278 (*d*) of the Revenue Act of 1926.

*Judgment will be entered for the respondent.*