C. A. TOOKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25837. Promulgated September 28, 1929.

*C. M. Pasquier, C. P. A.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

OPINION.

LITTLETON: The only question in controversy between the parties is whether the income earned by the partnerships for the period from March 31, 1922, the end of their fiscal year, to September 30, 1922, the date of their dissolution, should be accounted for by the partners, who reported on the calendar year basis, in 1922 or 1923. The partners, of whom the petitioner was one, reported the income for this period in their returns for 1923 on the theory that the dissolution of the partnerships did not end the accounting periods of the partnerships, which were on the basis of a fiscal year ending March 31, and that accordingly they, being on a calendar year basis, would be accountable for the income therefrom only at the end of such accounting periods which fell within 1923. The Commissioner, on the other hand, insists that the income for this period should be accounted for by the partners in 1922, on the ground that the dissolution of the partnerships on September 30, 1922, ended their accounting period on that date.

The provision in the Revenue Act of 1921 (section 218 (a)), with respect to the determination of the income of a partnership reads as follows:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in com-

puting the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

From the foregoing, it follows that to determine the income from a partnership which must be reported by the partners in a given year, where the accounting periods of the partners and the partnership are not the same, it is essential that we know when the accounting period of the partnership ends, rather than when the income of the partnership was earned. And it is immaterial in what part of the year distributions are made to the partners; what is required is that at the end of the accounting period, income for such period must be returned. *Maurice L. Goldman et al., Executors*, 15 B. T. A. 1341. The fact, therefore, that the income of the partnerships was earned from April to September, 1922, and even if distributed before or at the end of this period, would not be determinative of when such income should be reported by the partners, provided the accounting periods of the partnerships extended beyond September, 1922.

This, then, brings us to the real question at issue, namely, did the dissolution of the partnership bring an end to their accounting period? We think not. The identical section here in question (section 200 of the Revenue Act of 1921), which defines an accounting period, was before the court in *Bankers' Trust Co.* v. *Bowers*, 295 Fed. 89, wherein it was held that the death of an individual during a given year did not bring about the end of the decedent's accounting period, but that such accounting period would continue for the full established period of 12 months. The court further said that the fact that no income could be earned by the decedent after his death and the fact that whatever income was earned by decedent's estate must be returned by a separate taxable entity were not sufficient to bring about a change in the decedent's established accounting period. We are unable to see why a different rule should apply in the case of the end of a partnership. *R. W. Archbald, Jr., et al., Executors*, 4 B. T. A. 483, and *Maurice L. Goldman et al., Executors, supra.* The income of the partnerships would, of course, be determinable as of the end of their business existence, when they were dissolved and their combined businesses merged into a corporation, whose stock was issued to the partners just as the income of a decedent is determinable as of the date of the end of his earthly existence (*Maurice L. Goldman et al., Executors, supra*), but this would not determine when the income of the partnerships' should

be reported by the partners. The statute (section 218) says that whether *distributed or not* the income of partners from a partnership which has an accounting period different from that of the partners shall be the income of the partnership for the year ending within the year for which the partner rendered his return. Here the accounting period of the partnerships did not end on September 30, 1922, but on March 31, 1923, and, accordingly, it was error on the part of the Commissioner to include the income of the partnerships for the period April 1, 1922, to September 30, 1922, in the petitioner's return for his taxable year which ended December 31, 1922.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

ARUNDELL dissents.

*C. M. Pasquier, C. P. A.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.