## SHONNARD v. PRICE.

No. 4154.

District Court, E. D. New York.

April 8, 1931.

Livermore & Livermore, of New York City (Russell B. Livermore, of New York City, of counsel), for plaintiff.

Howard W. Ameli, U. S. Atty., and A. D. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Lester L. Gibson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

CAMPBELL, District Judge.

This is an action at law brought to recover the amount of an additional income tax paid by the plaintiff to the defendant under protest; a claim for a refund of the same having been denied.

On the trial a jury was waived and the case submitted upon an agreed statement of facts, and no other evidence was offered.

I find the facts as agreed and stated as follows:

During the years 1917, 1918, and 1919, plaintiff resided in Oyster Bay, N. Y., and he now resides at 300 Park avenue, in the city of New York.

That heretofore and at the time of the commencement of this action, to wit, November 26, 1929, the defendant was the duly appointed collector of internal revenue for the First district of New York, and resided therein at all times.

The plaintiff filed with the collector of internal revenue for the First district of New York, his income and excess profits tax returns for the calendar years 1917, 1918, and 1919, and at the time of filing said returns paid to the said collector of internal revenue a tax of $8,522.94 for the year 1917, and a

tax of $2,051.63 for the year 1918, and $54,-574.04 for the year 1919.

On June 30, 1917, the plaintiff formed a copartnership with J. H. Goadby Mills and Franklyn C. Thompson under the firm name of Shonnard Mills & Co. of New York City, for the purpose of carrying on a general commission business in stocks, bonds, and commodities as a member of the New York Stock Exchange.

From June 30, 1917, to July 1, 1919, the said partnership adopted as its annual accounting period, the fiscal year ending June 30 and filed its tax returns accordingly; the first return embracing the fiscal year ending June 30, 1918, and the second return embracing the fiscal year ending June 30, 1919.

Shortly after June 30, 1919, the partnership applied to the Commissioner of Internal Revenue for permission to change its accounting period from the fiscal year to the calendar year, and such permission was granted on March 2, 1920.

The said partnership accordingly, within the time required by law, filed a return on the calendar year basis for the year 1919, embracing the period from the close of its fiscal year on June 30, 1919, to December 31, 1919.

The plaintiff and other members of the said partnership adopted the calendar year as their annual accounting period and filed their tax returns accordingly for years 1917, 1918, and 1919.

Throughout the period here in question, June 30, 1917, to December 31, 1918, the partnership balanced its books on the last day of each month, and was enabled thereby to ascertain its profits or losses for each month.

Immediately after the books were thus balanced, the partnership distributed and paid to the individual partners, month by month, the monthly profits of the partnership. As a result, there was accordingly paid over and distributed to the plaintiff, the following sums in each of the calendar years 1917, 1918, and 1919:

June 30 to Dec. 31, 1917, $11,638.48

| 1918 | | 1919 | |
|---|---|---|---|
| 1st 6 months... | $18,162 08 | 1st 6 months... | $67,155 56 |
| 2nd 6 months... | $24,148 98 | 2nd 6 months... | $80,229 16 |
| | $42,311 06 | | $147,384 72 |

Plaintiff included the amount of $11,-638.48 in his tax return for 1917 as income from said partnership, and paid the tax thereon. He included the amount of $42,-311.06 for 1918 as income from said partnership and paid the tax thereon. He included the amount of $147,384.72 in his tax return for 1919 as income from said partnership and paid the tax thereon.

The distributions thus made to plaintiff, when computed according to the accounting period of the partnership, are as follows:

| 1918 Fiscal Year Ending June 30. | 1919 Fiscal Year Ending June 30. | 1919 Second Half Calendar Year July 1 to Dec. 31. |
|---|---|---|
| $11,638 48 | $24,148 98 | $80,229 16 |
| 18,162 08 | 67,155 56 | |
| $29,800 56 | $91,304 54 | |

Upon auditing the returns of the taxpayer for the calendar years 1917, 1918, and 1919, the Commissioner of Internal Revenue proceeded on the theory that profits of a partnership having an accounting period different from that of the partners constitute income to the partners in the year in which the annual accounting period of the partnership ended within the annual accounting period of the partners, held that such distributions, the total of which throughout the accounting periods of the partnership corresponded with the net income of the partnership in such periods, should have be n accounted for in plaintiff's respective calendar year returns as follows:

| 1917 | 1918 | 1919 |
|---|---|---|
| None | $29,800.56 | $ 91,304 54 |
| | | 80,229 16 |
| | | $171,533 70 |

The first amount appearing under 1919 represents the total distributions made by the partnership out of its entire fiscal year ended June 30, 1919. The second amount represents the total distributions made by the partnership throughout the last six months of 1919 when it changed to a calendar year basis. The determination of the Commissioner of Internal Revenue as above set out was approved by the United States Board of Tax Appeals, and is reported in 3 B. T. A. 1245, Appeals of J. H. Goady Mills, Franklyn Thompson and Horatio S. Shonnard.

Subsequent to the filing of the returns for the years 1917, 1918, and 1919, as set out in paragraph 3 hereof, and on or about May 2, 1925, plaintiff received a letter from the Commissioner of Internal Revenue stating that the determination of plaintiff's income and excess profits tax liability for the years 1917 to 1920, inclusive, disclosed a deficiency in tax amounting to $16,999.95 for the year 1919 and an overassessment aggregating $3,-671.33 for the years 1917 and 1918.

Plaintiff duly filed with the United States Board of Tax Appeals an appeal from said

determination of the Commissioner of Internal Revenue as to the deficiency in tax of $16,999.95 for the year 1919 as above set out. The appeal was duly heard and decision rendered against the plaintiff on April 19, 1926, and final order of redetermination made by the United States Board of Tax Appeals and entered on September 4, 1926, to the effect that plaintiff had made an overpayment of income tax on his return for 1917, of $2,063.24 and an overpayment on return for 1918 of $1,608.09, and that there was a deficiency in his tax for the year 1919 of $16,999.95, making a net deficiency for those years of $13,328.62. The deficiency for the year 1919 of $16,999.95 was duly assessed by the Commissioner of Internal Revenue on assessment list dated October 16, 1926, page 4, line 1, #3.

Subsequently plaintiff received a bill from the defendant, as collector of internal revenue for the First district of New York, for the sum of $13,328.62, being the net deficiency in his income tax for the years 1917, 1918, and 1919, plus interest of $650.89, making a total of $13,979.51, which amount was paid to the defendant under protest on or about the 3d day of November, 1926.

Subsequently, on or about the 14th day of February, 1929, plaintiff filed with the defendant, as collector of internal revenue for the First district of New York, claim for refund of said additional tax in the sum of $13,979.51.

Said claim for refund in the sum of $13,979.51 was disallowed by the Commissioner of Internal Revenue on schedule dated June 11, 1929.

The following are the statutes and regulations which are controlling in the instant case:

## "Statutes.

"Section 212 (a)—1918 Revenue Act (40 Stat. 1064). 'That in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214.

" '(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

" 'If the taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226.'

"Sec. 213.—1918 Revenue Act. 'That for the purposes of this title (except as otherwise provided in section 233) the term "gross income"—

" '(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including in the case of the President of the United States, the judges of the Supreme and inferior courts of the United States, and all other officers and employees, whether elected or appointed, of the United States, Alaska, Hawaii, or any political subdivision thereof, or the District of Columbia, the compensation received as such), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period; but * * *.'

"Sec. 218 (a).—1918 Revenue Act. 'That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the

partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.'

"Sec. 226.—1918 Revenue Act. 'That if a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December thirty-first. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year. If a taxpayer making his first return for income tax keeps his accounts on the basis of a fiscal year he shall make a separate return for the period between the beginning of the calendar year in which such fiscal year ends and the end of such fiscal year.

" 'In all of the above cases the net income shall be computed on the basis of such period for which separate return is made, and the tax shall be paid thereon at the rate for the calendar year in which such period is included; and the credits provided in subdivisions (c) and (d) of section 216 shall be reduced respectively to amounts which bear the same ratio to the full credits provided in such subdivisions as the number of months in such period bears to twelve months.' "

"Regulations Applicable.

"Art. 321. *Partnerships.*—'Partnerships as such are not subject to taxation under the statute, but are required to make returns of income. See section 224 of the statute and articles 411 and 412. Individuals carrying on business in partnership are, however, taxable upon their distributive shares of the net income of such partnerships, whether distributed or not, and are required to include such distributive shares in their returns. The net income of a partnership shall be computed in the same manner and on the same basis as the net income of an individual, except that the deduction of contributions or gifts is not permitted. See section 212 and articles 21–26. As to the excess profits tax on partnerships with fiscal years ending in 1918 see section 335 (c).'

"Art. 322. *Distributive Shares of Partners.* 'The distributive share of the net income of a partnership which a partner is required to include in his return is his proportionate share of the net income of the partnership, either (a) for the taxable year upon the basis of which the partner's net income is computed, or (b) if the partner's net income is computed upon the basis of a taxable year different from that upon the basis of which the net income of the partnership is computed, for the taxable year of the partnership ending within the taxable year upon the basis of which the partner's net income is computed. Amounts earned and distributed to a partner by a partnership after the end of its taxable year and before the end of his corresponding taxable year should be accounted for both by the partnership and by the partner in their returns for their next succeeding taxable years.' "

The main contention of the plaintiff is stated by his counsel as follows: "Our contention is that when a partnership, with an accounting period different from that of the partners, balances its books monthly and determines its profits, and makes monthly distributions of its profits to the partners, these distributions become income to the partners in the calendar year in which actually received."

The plaintiff also contends, as stated by counsel: "That if the Commissioner has the right to tax the plaintiff in one year on eighteen months income which is definitely ascertainable and has been received by him in two different years, that compared to the method used in taxing other individuals such a determination would be so arbitrary and capricious that it would be in violation of the Fifth Amendment of the Federal Constitution."

The main issue now before this court seems to me to have been more clearly stated by the Board of Tax Appeals, as follows: "The issue concerns the question of whether the profits of a partnership for its fiscal year ending June 30 should be included in the income of the partners, who kept their accounts on the calendar-year basis, for the calendar year in which the accounting period of the partnership ended, when such profits were determined and distributed by the partnership monthly."

The issues now presented in the instant suit were heard and determined by the Board of Tax Appeals, on the appeal by J. H. Goadby Mills, Franklyn Thompson, and Horatio Shonnard, 3 B. T. A. 1245.

That determination, however, is not binding on this court, but is entitled to respect-

ful consideration, and the same is true of the decisions in the other appeals heard and determined by the Board of Tax Appeals subsequent to that of Mills et al., supra, in which such issue was presented.

The partnership of which the plaintiff was a member adopted as its accounting period a fiscal year period from June 30 to June 30, and this continued for two years from June 30, 1917, to June 30, 1919, when it was voluntarily changed by the partnership to the calendar year basis upon the close of the fiscal year of June 30, 1919. During all of this time plaintiff was on the calendar year basis, and rendered his return on a calendar year receipts and disbursements basis.

The Commissioner of Internal Revenue required the plaintiff to report all income received from the partnership in his return for the calendar year in which the fiscal year of the partnership ended, whether distributed or not.

Plaintiff contends that, the income of the partnership being distributed monthly, he should be allowed to report the amount received in the year in which received, for the reason that section 213 of the Revenue Act of 1918 provides that all items of income are to be included in the gross income for the taxable year in which received, and, unless an exception is read into it by section 218 (a), the income of a partnership formally distributed monthly, should be accounted for by the partners in the year in which received.

■ This contention the plaintiff has not sustained.

I am in entire accord with so much of the opinion of the Board of Tax Appeals in which the Board said:

"In the enactment of section 218 (a) Congress ignored for taxing purposes the existence of the partnership and framed the law so as to treat the gains and profits of the partnership as if they were gains and profits of the individual partners. Unlike a corporation, a partnership has no legal existence aside from the members who compose it; consequently, in order that the profits of the partnership might not escape taxation, Congress provided that its income should be taxed to the individual partners, the same as if they had received it direct without the intervention of the partnership."

"The purpose of Congress in the enactment of section 218 (a) to the effect that each partner should include in his net income 'his distributive share, whether distributed or not, of the net income of the partnership for the taxable year,' to cover a situation already taken care of by the provisions of sections 212 (b) and 213 (a) was to make more evident its intent to ignore the partnership and treat its profits and earnings as accruing directly to the partners. The use of the phrase 'whether distributed or not' evidences an intent on the part of Congress to levy the tax against the same income with respect to which the tax would have been levied had the partnership been created a taxable entity and made liable for the tax instead of the partners in their individual capacities."

The fact that the partnership balanced its books monthly, and made distribution monthly to the partners, does not, in my opinion, change the situation.

Until the change in the accounting period of the partnership, the taxable income of the partners was measured by the partners' share of the net earnings during its accounting period from June 30 to June 30, computed at the close of such period.

This must be true because, although the books may have been balanced monthly and distribution made monthly, the amount of the net income could not be determined until the end of the accounting period of the partnership. Earle v. Commissioner of Internal Revenue (C. C. A.) 38 F.(2d) 965.

The partnership did not have a monthly accounting period for the purposes of taxation, but a fiscal year period, and might have suffered losses in one part of the fiscal year and made profits in another, and therefore the net income could not be computed until the close of the fiscal year period, and it was that income which the plaintiff was bound to report in the calendar year in which the partnership period ended.

This to me is clearly the meaning of section 218 (a). Bankers' Trust Co. v. Bowers (C. C. A.) 295 F. 89, 31 A. L. R. 922.

The contention on behalf of plaintiff that the omission of the words "whether distributed or not" from the second clause of section 218 (a), which are found in the first clause of that section, showed an intention on the part of Congress to provide that amounts actually distributed are to be included by the partner in the year in which received, but, as to the undistributed income, the partner, if his accounting period is different from that of the partnership, is to include his distributive share in the year in which the accounting period of the partnership ends, within the accounting period of the partner, is not sustained.

The first clause of that section describes how income from a partnership is to be computed, assuming of course that both the partnership and the partner are computing upon the basis of the same taxable year, while the second clause provides for a situation where both are not computing their income upon the basis of the same taxable period, but does not relieve the partner from computing as his net income his distributive share, whether distributed or not.

Section 218 (a) provides an exception to section 213 of the Revenue Act of 1918, and is not inconsistent with sections 218 (e), 218 (b), 205 (c), 221 (a and b), or section 224, all of the Revenue Act of 1918.

The accounting period of the partnership was changed with consent of the Commissioner from the basis of a fiscal year ending on June 30 to the calendar year ending on December 31, and under section 226 of the Revenue Act of 1918, the plaintiff was, upon the change in the accounting period of the partnership, required to make a return in his annual accounting period, of the income received from the partnership within said time.

This required the plaintiff in the instant suit to make, in his annual return for the year 1919, a return of his distributive share of the net profits, whether distributed or not, of the partnership, reported as of its fiscal year ending on June 30, 1919, and also of the net profits from that time to December 31, 1919, as by such change of its reporting period the partnership was required to make report for two periods expiring during the calendar year 1919.

The plaintiff therefore was required to make a return for the calendar year 1919 of eighteen months' income of the partnership, but that was not due to any act of the government, but solely to the voluntary act of the partnership, and we must not lose sight of the fact that the partnership had no legal existence aside from the members who composed it, of whom the plaintiff was apparently the dominant member. Bankers' Trust Co. v. Bowers, supra.

The intention of Congress was to put the assessment of income taxes upon a yearly basis, and, as in some instances, loss and inconvenience would be occasioned by requiring returns on the basis of the calendar years, it provided for returns being made in such instances on the basis of fiscal years.

As, however, it was anticipated that it might be desired to change from the fiscal to the calendar year, in some instances the only way this could be accomplished was to require, as was done in section 226, that a return be made as of the fiscal year, and an additional return for the period from that time to the close of the calendar year, and thus again fix an annual accounting period.

The taxation of the plaintiff for the two periods, both ending in the year 1919, was in accordance with the statute, and was not so arbitrary and capricious that it was a violation of the Fifth Amendment of the Federal Constitution. Bankers' Trust Co. v. Bowers, supra; Iron Mountain Oil Co. v. Alexander (C. C. A.) 37 F.(2d) 231; Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. ——.

The tax of the plaintiff was correctly computed by the Commissioner, the decision of the Board of Tax Appeals was right, and the provisions of the Revenue Act in question are constitutional.

The defendant is entitled to a decree dismissing this suit, with costs.

A decree may be entered in favor of the defendant, against the plaintiff, dismissing the complaint herein with costs.

Submit findings of fact and conclusions of law in accordance with this opinion.