**BLISS v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 5575.**

Circuit Court of Appeals, Third Circuit.

Feb. 20, 1935.

Clarke & Allen, of New York City, and Joseph A. Lamorelle, of Philadelphia, Pa. (George M. Clarke and Walter C. Elliott, both of New York City, of counsel), for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

During the period January 1, 1924, to January 10, 1924, Walter W. Bliss sustained substantial losses over income, exclusive of a loss by an alleged bad debt of $30,000. Upon the latter date, he died.

On the ground that she had been living with Walter W. Bliss, her husband, in the taxable year 1924, Katharine B. Bliss filed an income tax return for that year, made by her alone yet purporting to be a joint income tax return, claiming deductions for losses sustained by her husband, available to her only in a joint return.

The executor of the decedent filed a separate return for his estate for the period January 11, 1924, to September 30, 1924, showing losses in excess of gains.

The Commissioner, holding that the wife was not entitled to file a joint return of her own income and that of her deceased husband and thereby pool losses against gains, determined their taxable income separately and assessed against the petitioner the deficiency tax in question. From an order of the United States Board of Tax Appeals sustaining the Commissioner, the matter comes here for review on the wife's petition, raising, ostensibly, two questions:

(1) Whether a surviving spouse, having lived with the deceased spouse until the

death of the latter sometime before the end of the taxable year, may file a joint return of the income of both for the taxable year.

(2) If the surviving spouse in this case could do so, whether the validity of a certain deduction as a bad debt allegedly sustained by the husband in the taxable year, which the Commissioner disallowed in determining separately the income and loss of the husband and wife, should, on remand, be considered and decided by the Board of Tax Appeals and the deficiency income tax complained of be re-determined.

The latter question arises only on a finding, adverse to the action of the Commissioner and the ruling of the Board, that the petitioning wife had a right to file a joint return in the circumstances.

If she had such a right, sanction therefor must be found in the applicable statute, sections 216, 223 and 225 of the Revenue Act of 1924, c. 234, 43 Stat. 253, 272, 280 (26 USCA §§ 957, 964, 966 and notes). Section 223, which defines individuals who shall make tax returns, provides (b): "if a husband and wife living together," having a named "aggregate net income" for the taxable year "(1) Each shall make such a [separate] return, or (2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income."

It will be observed that the section of the statute which makes provision for joint returns (section 223 (b) is silent as to what may happen when the husband, as in this case, dies before the end of the taxable year. It will be observed also that the statute does not in words or by implication impose upon the surviving wife the duty to make return of her husband's taxable income or give her the right to make a joint return. She maintains, however, that there is no provision in the Act which would preclude her making such a return, and further, aside from this negative position, there is affirmative authority for her contention found in Bankers' Trust Co. v. Bowers (C. C. A. 2) 295 F. 89, 92, 31 A. L. R. 922.

That case, very distinctly, does not decide the question in this case. There the executors of a decedent filed two tax returns: one for the income received by the decedent; the other for income received by themselves as executors during the calendar year 1921. The question was essentially one of proper computation of taxable income and the tax thereon. In discussing that question, the court used words, apposite to the facts and law of that case, which the petitioner has appropriated and applied to her case. They are to the effect that when a taxpayer dies during a taxable year, the executor is required to file a return of all income the decedent had received in the taxable year, and also a separate return of income received by the estate in the same taxable year, that the returns are not "for a period less than one year, but are for the full calendar year," and that each is entitled to the credits allowable to "separate taxable entities" for the full taxable year.

In coming to this decision, the court, speaking of the accounting period prescribed by the Act there in question, said:

"The fundamental scheme of title 2 of the Revenue Act is for a tax upon the net income of the taxpayer during an accounting period of 12 successive months. This general accounting period seems to be a predetermined measure to be applied to a taxpayer as income, and is not affected by his death or change of status within the period. The tax is imposed upon the entire net income for such period, and the return of such income constitutes his return for the period of 12 full months, even though he may have lived only a portion thereof."

These words constitute the petitioner's claimed authority for a joint return. When applied to the matter there in hand, namely; the statutory fixation of an accounting period of twelve months, whenever death of the taxpayer within that period should occur, the exaction of a tax on all taxable income received during that period and allowance of credits in the returns of the decedent's income and of the estate's income as separate entities for a full taxable year, the expressions are unexceptionable yet are not applicable to the issue here under review. Thus the petitioner is left to the statute alone for a right to file a joint return. We find nothing in the statute that gives her such a right. On the contrary, it is clear from section 225 that the duty of filing a return of income of a deceased spouse, in this case the husband, devolves upon his personal representative, leaving the inescapable inference that no such duty devolves upon the surviving spouse and no such right is accorded her. To this conception of Revenue Acts, the Department has long conformed, first by consistent practice and later by formal regulations, which, not being in conflict with the acts but being

within their sense, we regard as a valid administrative interpretation.

The petitioner became a widow on January 10, 1924. Her status on December 31, 1924, the end of the taxable year, was that of a single woman. Having then no taxable interest in or duty with respect to her deceased husband's income, whether realized before or after his death, she is precluded from filing a joint return of his income and hers, and from availing herself of his losses to reduce her own taxable gains.

The order of the Board of Tax Appeals determining a deficiency tax on the first question involved is affirmed.